IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-71,365-01 AND WR-71,365-02






EX PARTE ROBERT LATIMER, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 20384A AND 20383A IN THE 91ST DISTRICT COURT


FROM EASTLAND COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged and convicted
of forgery in two separate indictments and sentenced to twelve years' confinement on each cause. 
He did not appeal his convictions. 

 Applicant alleges that the enhancement paragraphs were invalid because the State used one
state jail felony conviction and one non-state jail felony conviction to enhance punishment to the
second degree felony punishment range, but should have used two non-state jail felony convictions. 
Applicant alleges that the twelve-year sentences assessed were illegal because they fell outside the
applicable state jail felony punishment range. He also alleges that counsel rendered ineffective
assistance because counsel failed to investigate and challenge the enhancement paragraphs even
though he asked him to do so. Applicant alleges that his guilty pleas were involuntary as he relied
on counsel's deficient advise that the punishment range could validly be enhanced to the second
degree felony punishment range when he entered his pleas. 

 The trial judge has entered findings of fact and conclusions of law recommending that relief
be granted. The trial judge found that the State used one state jail felony conviction and one non-state jail felony conviction to enhance punishment for these state jail felony offenses to the second
degree felony punishment range. The trial judge found that the enhancement paragraphs were
improper and that the twelve-year sentences assessed were illegal because they fell outside the
applicable punishment range. The trial judge's findings are supported by the record. However,
more evidence is needed to determine the merit of Applicant's claims. The record does not show
whether the error could have been cured by the use of another state jail felony conviction to validly
enhance to under Tex. Pen. Code 12.42(a)(1) or another non-state jail felony conviction to validly
enhance under Tex. Pen. Code 12.42 (a)(2). Further, the record is not developed with regards to
Applicant's ineffective assistance of counsel claims. 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. In the appropriate case, the trial court
may rely on its personal recollection. Id. The trial judge shall order counsel to file an affidavit
addressing the following issues: (1) whether counsel investigated the convictions used to enhance
and, if so, whether counsel believed that the enhancement paragraphs were valid; (2) whether
counsel believes that there were any other prior convictions which could be substituted for the
convictions used to enhance to make the enhancement paragraphs valid, and, if so, shall identify said
convictions; (3) whether counsel represented Applicant on a state jail felony charge in Comanche
County at the same time as he represented Applicant in these cases and, if so, whether the
punishment for said charge was enhanced to the third degree felony punishment range; and, (4)
whether counsel advised Applicant to accept the State's plea offer of twelve years' confinement in
these cases and, if so, why counsel believed that accepting the offer was in Applicant's best interest. 
The trial court shall review its records and ascertain whether Applicant had another prior state jail
felony conviction which could have been used to properly enhance punishment to the third degree
felony punishment range under Tex. Pen Code, 12.42 (1)(a). The trial court shall review its records
and ascertain whether Applicant had another prior non-state jail felony conviction which could have
been used to properly enhance punishment to the second degree felony punishment range under Tex.
Pen Code, 12.42 (1)(b). The trial court shall supplement the record with copies of the judgments
in any prior convictions which could have been used to properly enhance punishment in these cases. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant had any other prior state
jail felony convictions which the State could have used to properly enhance punishment to the third
degree felony punishment range. The trial court shall make findings of fact as to whether Applicant
had any other prior non-state jail felony convictions which the State could have used to properly
enhance punishment to the second degree felony punishment range. The trial judge shall also make
findings of fact as to whether counsel investigated the prior convictions used to enhance and, if so,
whether counsel believed that the enhancement paragraphs were valid. The trial judge shall also
make findings of fact as to whether counsel believes that there are any other prior convictions which
could be substituted for the convictions used to enhance to make the enhancement paragraphs valid,
and, if so, what convictions counsel believes could have been used. The trial judge shall also make
findings of fact as to whether counsel represented Applicant on a state jail felony charge in
Comanche County at the same time as he represented Applicant in these cases and, if so, whether
the punishment in said charge was enhanced to the third degree felony punishment range. The trial
judge shall also make findings of fact as to whether counsel advised Applicant to accept the State's
plea offer of twelve years' confinement in these cases and, if so, why counsel believed that accepting
the plea offer was in Applicant's best interest. The trial judge shall also make findings of fact as to
whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall make findings of fact and
conclusions of law in regard to Applicant's claim that his pleas were involuntary because of
counsel's actions. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 18, 2009

Do not publish